### DUNCAN v. GREENVILE COUNTY.

#### HANDY v. SAME.

HIGHWAYS—COUNTIES—DAMAGES.—Before a person injured in his person or property by reason of a defect in a highway or bridge can
recover therefor, under section 1347 of Code of 1902, he must show
that he was not guilty of any negligence which contributed to the
injury as a proximate cause thereof.

*McFail* v. *Barnwell Co.,* 57 S. C., 294, *overruled.*

Before PRINCE, J., Greenville, June, 1905.    Reversed.

Two actions—Rosa Duncan against Greenville County
and W. H. Handy against same.    From judgments for defendant, plaintiffs appeal.

*Messrs. Blythe & Blythe,* for appellants, cite: *As to the
word "contributed," in the statute:* Code, 1902, 1347, 2139;
47 S. C., 105; 57 S. C., 294; 58 S. C., 222; 65 S. C., 229.

*Messrs. Haynsworth & Patterson* and *B. M. Shannon,*
contra, cite: *On same point:* Code 1902, 1347; 57 S. C., 294;
38 S. C., 282; 40 S. C., 390; 47 S. C., 105, 375; 58 S. C.,
222; 65 S. C., 229; 63 S. C., 392; 62 S. C., 469.

February 19, 1906. The opinion of the Court was de--livered by

MR. JUSTICE GARY. This is the second appeal in these cases, which were heard together, as they involve the same question. The opinion in the former appeal is reported in 71 S. C., 170. The actions arose under section 1347 of the Code of Laws, which provides that "any person who shall receive bodily injury or damage in his person or property, through a defect, or in the negligent repair of a highway, causeway or bridge, may recover in an action against the county, the amount of actual damage sustained by him by reason thereof: *Provided,* Such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto." * * *

His Honor, the presiding Judge, charged the jury that "the plaintiff must show that the injury was not the result of any act of his, or that he did not bring about the injury, or contribute thereto, by any negligence on his part, nor that his negligence is a proximate cause. He has to go further and show, before he is entitled to recover against the county, that he did not through any negligence contribute in any way to his injury." The sole question presented by the exception is whether there was error in the charge as to the proximate cause of the injury.

This statute was construed in the case of *McFail* v. *Barn-well County,* 57 S. C., 294, 302, 35 S. E., 562—and Mr. Chief Justice McIver, who delivered the opinion of the Court, used this language: "To maintain this action it was necessary for the plaintiff not only to allege and prove that the injuries of which he complains against the county were 'occasioned by its neglect and mismanagement,' but also that he 'has not in any way brought about such injury or damage by his own act, or negligently contributed thereto.' If, therefore, the injury complained of was in any way brought about by the negligence of the plaintiff, or if he negligently contributed thereto, then the plaintiff, under the express

terms of the statute, could not recover. The legislature, by the use of the language above quoted, manifestly intended to declare that in either one of two contingencies the plaintiff could not recover. 1st. If the injury was in any way brought about by his own act. 2d. If he negligently contributed thereto. *Now, if the statute had stopped after declaring the first of these contingencies, then possibly the conclusion might have been that the negligence of the plaintiff, in order to bar a recovery, must be the efficient cause of the injury, or, to use the language of the Circuit Judge, must be the immediate proximate cause of the injury, as the words 'brought about' seem to imply.* But the statute does not stop there, but goes on to declare another contingency upon which the plaintiff's right of recovery would be barred—if he negligently *contributed* thereto. The use of the word 'contributed' necessarily implies that there was another cause to which plaintiff's negligence might contribute; and although plaintiff's negligence might not alone be sufficient to cause the injury, yet if it contributed to some other cause —for example, the defendant's negligence—then the plaintiff could not, under the second contingency declared by the statute, recover" (italics ours).

The words which we have italicized show that this Court did not rule that the charge was erroneous in so far as it was applicable to the first of said contingencies; and the opinion shows that the decision rested upon the interpretation of the word "contribute;" as defined in the case of *Wragge* v. *R. R.,* 47 S. C., 105, 25 S. E., 76. Mr. Chief Justice McIver stated that there was nothing either in the statutes construed in *Wragge* v. *R. R.,* or *McFail* v. *Barnwell Co.,* to indicate that the word "contribute" was used in any other than its ordinary and popular signification, and that the only inquiry was as to such signification.

In the case of *Burns* v. *Ry.,* 65 S. C., 229, 234, 43 S. E., 679, the question under consideration was before the Court, which then settled the principle as follows: "It is true, the

requests conformed to the principle announced in *Wragge* v. *Ry. Co.*, 47 S. C., 105, 27 S. E., 76; but a different rule is laid down in the case of *Bowen* v. *Ry. Co.*, 58 S. C., 222, 36 S. E., 590, which is subsequent to the case of *Wragge* v. *Ry. Co.*, and in which the member of the Court, who wrote the opinion in *Wragge* v. *Ry. Co.*, concurred. The appellant's attorney, however, was granted permission to review the case of *Bowen* v. *Ry. Co.*, in which the Court says: 'When the law speaks of an act of negligence as contributing to an injury, it means as a direct and proximate cause thereof.' * * * This Court, after mature deliberation, has determined to adhere to the rule stated in *Bowen* v. *Ry. Co.*, for otherwise there would be no legal test for the guidance of the jury, in determining whether the act of the party contributed to the injury." The following definition of contributory negligence was approved in that case: "Contributory negligence is a want of ordinary care upon the part of a person injured, by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred."

As the principles upon which the case of *McFail* v. *Barnwell Co.* was decided, have been overruled, it can no longer be regarded as authority.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.