### 7272

### TURBYFILL v. ATLANTA AND CHARLOTTE AIR LINE RY.

1. RAILROADS—CROSSING—NEGLIGENCE—NONSUIT—PRESUMPTIONS.—Where one is injured at a place where a railroad track crosses a public highway and the railroad company failed to give the statutory signal for such crossing, presumption of negligence arises and nonsuit should not be granted.
   *Strother* v. *R. R.,* 47 S. C., 375, *affirmed.*

2. IBID.—IBID.—IBID.—PROXIMATE CAUSE.—In order to entitle one injured at a crossing of a railroad track on a public highway on account of failure to give the statutory signals, he must show such failure was the proximate cause of his injury.

3. IBID.—IBID.—CHARGE.—To have charged the request to the effect that one injured at a crossing, who, knowing a train is rapidly approaching, carelessly and negligently attempts to cross in front of the train and this combined with the rapidly moving train as a proximate cause of the injury causes his injury, he can not recover, would have been to charge on the facts.

Before KLUGH, J., Spartanburg, Fall term, 1908.    Reversed.

Action by I. M. Turbyfill, administrator of Belinda R. Hand, against Atlanta and Charlotte Air Line Railway Company.    From judgment for plaintiff, defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *Contributory negligence of plaintiff will defeat a recovery:* 72 S. C., 392; 78 S. C., 374; 81 S. C., 193.    *Presumption is plaintiff heard signals:* Moore on Facts, secs. 191, 221, 160; 67

S. C., 367; 63 S. C., 271; 19 Am. St. R., 96; 55 Am. St. R., 287; 7 Ency., 435; 4 L. R. A. (N. S.), 254, 351, 344; 95 N. W., 161; 3 L. R. A., 196; 86 Pac., 472 *Wragge case has been overruled:* 73 S. C., 254; 65 S. C., 229; 58 S. C., 222. *If one goes on a track in front of a fast moving train, and this combined and concurred with the moving train as a proximate cause, he can not recover:* 34 S. C., 444; 78 S. C., 374; 81 S. C., 193.

*Messrs. Wilson and Osborne,* contra, cite: *The following authorities bear more or less on the law involved in this case:* 72 S. C., 392; 47 S. C., 381; 59 S. C., 429; 72 S. C., 389; 76 S. C., 368; 47 S. C., 105, 390; 60 S. C., 49, 74; 68 S. C., 489; 65 S. C., 330; 75 S. C., 309; 78 S. C., 383; 63 S. C., 494; 80 S. C., 535; 59 S. C., 87; 75 S. C., 156.

August 10, 1909. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages, alleged to have been sustained as the result of negligence and recklessness on the part of the defendant, in causing the death of plaintiff's intestate while traveling the public highway, where it crosses the railroad track at Duncans, S. C.

One of the specifications of negligence and recklessness was that the death of plaintiff's intestate was caused by collision with defendant's train of cars, through its failure to give the statutory signals when approaching said highway.

The jury rendered a verdict in favor of the plaintiff for $5,000, and the defendant appealed.

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, on the ground that the negligence of the plaintiff's intestate was the proximate cause of the injury, in that she did not stop, look or listen before attempting to cross the track. The motion was refused, and this is assigned as error.

"The failure on the part of the defendant's servants to ring the bell or sound the whistle, in the manner provided by statute, was negligence *per se*. When the defendant violates the requirements of the statute as to ringing the bell or sounding the whistle, and a person is injured by its locomotive while crossing a highway or street or traveled place, it will be presumed that such negligence caused the injury, unless the testimony shows that the injury was caused in some other manner." *Strother* v. *Ry.,* 47 S. C., 375, 381, 25 S. E., 272.

When there is a failure to give the statutory signals, and a person is injured at a place where the railroad track crosses a public highway, street or traveled place, a nonsuit on the ground of negligence can not be granted for the reason that there is a presumption of negligence, on the part of the railroad, in causing the injury.

Nonsuit is only proper when it appears from the testimony that the person injured was guilty of gross negligence, which was not the ground upon which the motion in this case was made. *Drawdy* v. *Ry.,* 78 S. C., 374, 58 S. E., 980.

The appellant's attorneys have, however, asked that the case of *Strother* v. *Ry.,* 47 S. C., 375, 25 S. E., 272, be reviewed, in so far as it decides that if the railroad fails to give the statutory signals and a person is injured at a railroad crossing, there is a presumption that such negligence caused the injury.

In the case of *Davis* v. *Ry.,* 63 S. C., 370, 41 S. E., 892, permission was granted to review the case of *Strother* v. *Ry.,* 47 S. C., 375, 25 S. E., 272, as to this principle; and, after considering the argument of the appellant's attorneys with great care, this Court adhered to the doctrine of that case, which was affirmed in *Bishop* v. *Ry.,* 63 S. C., 532, and *Drawdy* v. *Ry.,* 78 S. C., 374, 58 S. E., 980. The Court again adheres to the doctrine announced in *Strother* v. *Ry.,* 47 S. C., 375, 25 S. E., 272.

These reasons also dispose of the question, whether there was error in refusing the motion to direct a verdict, at the close of all the testimony, which was made on the same ground.

His Honor, the presiding Judge, charged the following request, presented by the plaintiff's attorneys: "In an action against a railroad company for damages, for the death of a person under Section 2132, it is not necessary to show that a failure to ring the bell or blow the whistle was the proximate cause of the killing. It is sufficient to show that it contributed to the killing. *Wraggle* v. *R. R.,* 47 S. C., 105, 25 S. E., 76."

This question has been so recently considered in two cases that we deem it only necessary to cite them, to show that the Circuit Judge was in error, and that the case of *Wragge* v. *R. R.,* 47 S. C., 105, 25 S. E., 70, in this respect, has, at least, practically been overruled. They are *Burns* v. *Ry.,* 65 S. C., 229, 43 S. E., 679, and *Duncan* v. *Greenville Co.,* 73 S. C., 254, 53 S. E., 367.

The appellant's attorney presented the following request to charge, which was refused: "If it appears that a railway company is running its train at a very fast rate of speed, and that a person is on a street, or highway, in a safe place, and that such person sees or knows that such train is rapidly approaching and is very near, and notwithstanding this, suddenly, carelessly and negligently attempts to run across the track just in front of such train, and this combined and concurred with the rapidly moving train as a proximate cause to such injury, then there can be no recovery." And the refusal is assigned as error.

Negligence is a mixed question of law and fact. It is the duty of the Court to define negligence, but it is the province of the jury to draw the inference from the facts.

"The presiding Judge could not have charged the requests without intimating to the jury the inference to 'be drawn from the facts therein so carefully set out in detail. The

instructions would have been in violation of Article V, Section 26 of the Constitution, and were, therefore, properly refused." This language from the case of *Weaver* v. *Ry.,* 76 S. C., 49, 64, 56 S. E., 657, is applicable to the question under consideration.

This ruling also disposes of a similar question in regard to other requests which were refused.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.