8170

## LAWSON v. SOUTHERN RY. CO.

1. CHARGE—PREPONDERANCE OF EVIDENCE.—An instruction that plaintiff must prove his case by the *clear preponderance* of the evidence is not error, where the Judge immediately follows the statement by the words, "that is, by the greater weight of the evidence."

2. NEGLIGENCE.—It was error to exclude evidence of past transactions and then instruct the jury that when a railroad has observed such

due care as experience has proved to be practically sufficient and an accident happens, it is not liable.

3. CHARGE—RAILROADS—CROSSINGS.—In an action against a railroad company for an injury at a crossing in which common law and statutory negligence are both alleged, it is error to instruct the jury as to legal principles or general rules applying to cases of common law negligence or to statutory negligence without also instructing them to which cause of action these principles or rules apply.

Ordinary negligence is not a defense to negligence in failing to give the statutory crossing signals.

*Edwards* v. *Ry.*, 63 S. C. 271, *overruled.*

MR. JUSTICE HYDRICK *dissents.*

4. RAILROADS—CROSSINGS.—Failure to give the statutory signals at a railway crossing is *negligence per se* and not *evidence of negligence.*

5. CHARGE.—To use as an illustration in a charge such hypothetical statements as would likely impress the jury that the Judge had in mind the evidence in the case being tried is a charge on the facts, it is also such charge to instruct the jury what facts would constitute gross negligence.

6. RAILROADS—CROSSINGS—WAIVER.—When an attorney in a colloquy with the Judge, during his charge in a crossing case, admits to the Court that gross negligence in the traveler is a defense to the wilfulness of the carrier in performing the duty required of it at a crossing by the statute, he cannot afterwards maintain the contrary by exceptions on appeal.

7. CHARGE—NEGLIGENCE—ISSUES.—It is a charge on the facts for the Judge to instruct the jury that failure on the part of a traveler on approaching a railroad crossing to use his faculties and his own capabilities to protect himself is gross negligence. Whether it is, is for the jury.

8. RAILROADS—CROSSINGS.—REQUESTS to the effect that if the statutory signals were not given at a crossing that would be negligence and evidence of gross negligence, and if it be clearly proved deceased did not look and listen, yet that would not show in itself gross negligence or want of care, were on the facts and properly refused.

9. IBID.—IBID.—NEGLIGENCE.—When a traveler in using a public highway exercises due care and caution in going on a railroad crossing and is there and then confronted by sudden peril and danger to which the negligence of the railroad company or its servants subjected him, and if through fright or other mental condition he acts unwisely or erroneously, that would not be negligence or gross negligence or wilfulness on his part.

10. CONSCIOUS NEGLIGENCE IS WILFUL NEGLIGENCE.

11. RAILROADS—CROSSINGS.—A REQUEST not germane to any view of the evidence admitted in a case should not be given. Here a request that it is the duty of the railroad company to cut the bushes and grass off the embankment and to remove obstructions preventing a good view of a railroad crossing was properly refused as there was no proof that the bushes and obstructions were on the property of which the railroad company had control.

12. IBID.—IBID.—A REQUEST to the effect that if a traveler had seen others passing a crossing in safety and a person of ordinary reason and prudence would have gone ahead, he would not be guilty of negligence in attempting to cross, is on the facts.

13. IBID.—IBID.—NEGLIGENCE.—Only gross or wilful negligence on the part of the traveler will relieve a railroad company from liability for a collision on a crossing on failure to give the signals. An instruction that "If he had an opportunity of seeing and did not see, then he should have stopped. If he had an opportunity to see, his business was to see, and if he did not use his faculties it was his own fault," is a charge on the facts as indicating what facts would make gross negligence.

14. IBID.—IBID.—IBID.—ISSUES.—What care is necessary on the part of a railway company in approaching a dangerous crossing, and what care is necessary on the part of the traveler, are questions for the jury.

15. IBID.—IBID.—IBID.—PRESUMPTIONS.—Where it appears that an injury occurred at a crossing and that the statutory signals were not given, there arises a presumption that the failure to give the signals, which is negligence *per se,* contributes to the injury.

16. IBID.—IBID.—IBID.—Failure to exercise ordinary care in approaching a crossing will not defeat an action for injury there when the railroad company did not give the statutory signals.

17. IBID.—IBID.—IBID.—If the failure to give the statutory signals at a crossing contributes to an injury thereon, mere contributory negligence on the part of the traveler will not defeat an action therefor. Nor is it necessary for the traveler to show that such failure contributed *as a proximate cause* to the injury.

18. IBID.—IBID.—IBID.—The law does not impose on the traveler the duty of exercising the highest degree of care that the circumstances might require to protect himself on approaching a known dangerous crossing.

19. EXCEPTIONS not pointing out specific errors will not be considered.

20. CHARGE.—Where a party fails to request a legal proposition appli-
cable to a special view of the evidence, he will not be heard on appeal
to complain of failure to give such instruction.

MR. JUSTICE HYDRICK *thinks if some of the portions of the charge
held to be error had been considered with the whole charge they should
have been sustained.*

Before ALDRICH, J., Union, September term, 1910.
Reversed.

Action by Charles N. Lawson, administrator of William
Lawson, against Southern Railway Company, J. D. Brun-
son, J. B. Hall and O. J. Meyer.  Plaintiff appeals.

*Messrs. Wallace & Barron,* for appellant, cite: *The usual
and customary way of doing things is not the test of due
care:* 74 S. C. 142; 61 S. C. 468; 60 S. C. 168; 25 S. C. 24.
*Stating what facts constitute due care is a charge on the
facts:* 61 S. C. 563; 51 S. C. 460.  *Failure to give statutory
signal is negligence per se, and not evidence of negligence:*
58 S. C. 227.  *What facts constitute negligence is for the
jury:* 61 S. C. 556; 71 S. C. 58; 51 S. C. 460.  *Contribu-
tory negligence is no defense to a wilful tort:* 85 S. C. 25; 6
Ency. 366.  *Failure to give the signals is negligence per se,
and evidence of recklessness:* 76 S. C. 378; 52 S. C. 323; 53
S. C. 121.  *Failure to give the signals raises the presump-
tion that this negligence was the cause of the injury:* 83 S.
C. 327; 47 S. C. 375; 84 S. C. 137.  *Failure to look and
listen must go to the jury on the issue of gross negligence:*
72 S. C. 392; 59 S. C. 101; 82 S. C. 79.  *Acts under sud-
den peril:* 32 S. C. 79; 63 S. C. 552; 23 Ency. 787.  *Con-
tributory negligence is no defense to a wilful tort:* 7 Ency.
443; 85 S. C. 25; 87 S. C. 325.  *Nor is gross negligence:*
23 S. C. 543; Code 1902, 2139; 72 S. C. 355; 60 S. C. 67;
8 Fed. 729; 8 Ency. 329; 35 Wis. 679.  *It is duty of rail-
road company to remove obstructions to view:* 84 S. C. 137;
72 S. C. 389; 59 S. C. 99.  *Knowledge of approach of train*

*does not necessarily show gross negligence:* 59 S. C. 101; 76 S. C. 378; 59 S. C. 101.

*Messrs. Sanders* and *DePass,* contra, cite: *Ruling acquiesced in cannot be appealed from:* 69 S. C. 463; 83 S. C. 112. *Judge should not state what would constitute negligence:* 30 S. C. 218; 76 S. C. 49; 83 S. C. 328. *Whether failure to stop, look and listen is negligence is for jury:* 72 S. C. 389. *Recklessness is equivalent to wilfulness:* 61 S. C. 170; 69 S. C. 452. *Traveler should use ordinary care in approaching a crossing:* 83 S. C. 392; 63 S. C. 271. *What is gross negligence:* 63 S. C. 393. *The attention of the Court should have been called to the inadvertent use of a word:* 81 S. C. 1; 86 S. C. 231. *No coercion of jury in rendering verdict:* 73 S. C. 229; 87 S. C. 331.

April 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for damages for negligence of the defendant in the killing of the plaintiff's intestate, William Lawson, on the line of defendant's railway, at a public crossing, known as the Buffalo Crossing, in the town of Union, in Union county, in this State, on the 31st day of July, 1909.

The specifications of negligence were:

(a) "In that the said defendant ran the said tender car and train of cars attached to the said locomotive engine on and over the said railroad track, and within the incorporate limits of the town of Union, and on and over the said public crossing, over which said public crossing the said William Lawson, plaintiff's intestate herein, was attempting to pass and cross in his buggy drawn by a mule, the said train being run and operated at a negligent, grossly careless, and reckless rate of speed by the said defendants; and the said defendants, then and there, operating, controlling and managing said locomotive engine, tender car and train of cars

aforesaid, negligently, carelessly, recklessly, wilfully, wantonly, and in a grossly careless manner, caused the said tender car attached to and in front of the said locomotive engine, which was running backwards, to strike, run over, crush, mutilate, mangle and instantly kill plaintiff's intestate, the said William Lawson, while he, in his said buggy, was at and on the said public crossing, and attempting to pass thereover.

(b) "In that the said defendants negligently, carelessly, wilfully, wantonly, and in a grossly reckless manner, caused the said locomotive engine to approach and pass over said public crossing, running backwards, with the said tender car in front of said engine, at the highly negligent and grossly careless and wilfully reckless rate of speed aforesaid, full well knowing the danger of said public crossing; that the said crossing was much traveled, and especially on Saturdays; and that its said train was behind its schedule time.

(c) "In that the said defendants negligently, carelessly, wilfully, wantonly, and in a grossly reckless manner, caused the said train with the tender car in front and the said locomotive engine running backwards, at the said negligent, grossly careless and reckless rate of speed, to approach the said public crossing within the incorporate limits of the town of Union, and to run on and over said public crossing without having a pilot or some one on the said tender car to lookout and watch the said railroad track and the said public crossing and to advise and warn the said defendants of persons approaching towards said public crossing, and of the approach of plaintiff's intestate, the said William Lawson, towards said public crossing and of his presence at and on the said public, much-used, and dangerous crossing.

(d) "In that the said defendants, operating and controlling and managing said locomotive engine, tender car and train of cars attached thereto, in the careless, negligent, reckless and wilful manner aforesaid, in utter disregard of

human life, did, negligently, recklessly, wilfully and wantonly, cause the said engine with tender car and train of cars to approach the said public crossing and pass thereover without ringing the bell or blowing the whistle of said locomotive engine, and without giving any of the statutory signals as required by law on approaching a public crossing and without observing any care or caution whatsoever, regardless of their duty and the rights and safety of plaintiff's intestate, the said William Lawson, who was at and on the said public, much-used, and dangerous crossing, and attempting to pass thereover, when the said tender car, in front of said locomotive engine and train of cars as aforesaid, suddenly emerged from said cut, rushing upon, striking, and instantly killing plaintiff's intestate, the said William Lawson, as aforesaid.

(e) "In that the said defendants negligently, carelessly, recklessly, wilfully and wantonly failed to stop the said tender car, locomotive engine and train of cars, and failed to slacken the speed thereof, on approaching and passing over the said public, much-used, and dangerous crossing, and before striking, running over, mutilating, mangling, and killing plaintiff's intestate, the said William Lawson, while on the said public crossing as aforesaid.

(f) "In that the said defendants, full well knowing the said public and much-used crossing to be a dangerous crossing; that the approach of trains from the direction of said Lockhart Junction towards the said town of Union and the said crossing, within the incorporate limits of the said town of Union, was partially obscured from the view and observation of those traveling on the said public road and highway from the said town of Union to the said public crossing for a distance of more than two hundred yards on said public road and extending to said public crossing, and that the sound and noise of the approach of trains was muffled and deadened by the sides of the said cut through which the said railroad track passes and extends to the said public

crossing, did, negligently, carelessly, recklessly, wilfully, wantonly, and in utter disregard of human safety and public right, fail and neglect to cut away, grade away, and shave down the sides of said cut on the right of way of the defendant, Southern Railway Company, for a distance of a few yards up the said railroad track from the said public cross.ing towards the said Lockhart Junction, or cause the same to be done, or otherwise minimize the danger of said crossing (as they had the right to do, and were in duty bound to do, and which could easily have been done at a small cost),. whereby the approach of the said train on the said 31st day of July, 1909, could clearly and plainly have been seen and heard by plaintiff's intestate, the said William Lawson, for a distance of several hundred yards before he reached the said public crossing, at and on which he was struck and killed by the said tender car, in front of the said locomotive engine, and operated and managed by the said defendants in the careless, negligent, reckless, wilful and wanton manner aforesaid.

(g) "In that the said defendants, knowing that the approach of trains from the direction of Lockhart Junction towards the said town of Union and the said public crossing was partially obscured from the view and observation of those approaching said public crossing on the said public highway from the said town of Union, and that the sound and noise of trains approaching said public crossing was also deadened and muffled to those approaching said public crossing on the said public highway from the said town of Union, and, also, that trains approaching said public crossing make little noise, did, negligenly, recklessly, wilfully, wantonly, and in a grossly careless manner, in utter disregard of public safety and the safety and right of plaintiff's intestate, the said William Lawson, cause and allow bushes and weeds and grass to grow up along the top and sides of the said cut and hill through which the said railroad track extends to said crossing and down to said public crossing,

and on the right of way of the said defendant, Southern Railway Company, and in a careless, negligent, reckless, wilful and wanton manner, failed and neglected to cut down and remove the said grass, weeds and bushes on the right of way of the said defendant, Southern Railway Company, or cause the same to be done, or otherwise minimize the danger of said crossing (as they had the right to do, and were in duty bound to do, and could have done at a trifling cost), by reason of which said grass, weeds, and bushes which the said defendants allowed to remain standing on the sides and top of the said cut and down to the said crossing as aforesaid, the approach of the said train on the 31st day of July, 1909, with the said locomotive engine running backwards and tender car in front, was completely obscured and concealed from the view of plaintiff's intestate, the said William Lawson, as he approached towards, up to, and on the said public crossing, and whereby the sound and noise of the approach of the said train was further deadened and muffled to plaintiff's intestate, the said William Lawson, by reason of which said acts of negligence, wilfulness, recklessness and wantonness of the said defendants, and the said negligent, careless, reckless, wilful and wanton operation and management of the said train by the said defendants as aforesaid, the said William Lawson, plaintiff's intestate, was struck, mutilated, mangled and killed when at and on the said public crossing by the said tender car of the said engine and train of cars aforesaid."

The defense was:

1. A general denial.

2. Contributory negligence.

3. Gross and wilful negligence on the part of the deceased.

The errors complained of arise from exceptions to the charge of the Judge. There are thirty-three exceptions; but only such as properly arise will be considered.

The first exception is as follows:

14—91

1. "In charging the jury that 'if you come to the conclusion that the plaintiff has not made out his case by a clear preponderance of the evidence, then the verdict should be for the defendant;' it being respectfully submitted that the plaintiff was only required under the law to make out his case by the preponderance of the evidence, and that the *clear preponderance* rule, as stated by his Honor, is not required by law." The error complained of being in the use of the word "clear." The following is his Honor's language: "He (the plaintiff) is bound to prove by the clear preponderance of the evidence, that is by the greater weight of the evidence." The Judge at once explained what he meant, and as thus defined, there was no error and this exception is overruled.

The second and third exceptions were considered together in argument and will be considered together here.

Exceptions 2 and 3 are as follows:

2. "In charging the jury that 'all human agencies are fallible; no man, no work of the hands of man, has ever been perfect yet and the law does not require perfection, because if it did it would be impracticable, and when a railroad has observed due care which experience has proven to be practically sufficient and an accident happens, why it is a pure accident and nobody is responsible for it;' thereby charging the jury that the standard of due care was what 'has proven to be practically sufficient,' and if the care that had been practically sufficient had been exercised in this case, then, it would come within the realm of 'pure accident,' the error being that he thereby charged the jury that a certain state of facts would constitute due care and that a certain state of facts would constitute pure accident, while it is for the jury to say in all cases what facts constitute due care and pure accident, and the law does not define the standard of due care in any case as being that which 'has proven practically sufficient;' and his Honor, in so charging, invaded the province of the jury and charged

upon the facts contrary to the provisions of section 26 of article V of the Constitution of 1895.

3. "In charging the jury that 'If, in operating its train on that occasion, it was guilty of negligence, as I have defined it to you, then, they are liable; if in operating their train on that occasion they observed that care and caution and prudence which experience had heretofore proved to be sufficient for their protection and the protection of all concerned, then they have not been guilty of negligence and the plaintiff cannot recover;' the errors being twofold, to wit:

(1) "In that, his Honor, thereby charged the jury that the standard of care and caution which the railroad should exercise was to be determined by past experience and experience which had previously shown to be sufficient.

(2) "In that, he, in so charging, thereby invaded the province of the jury in stating to them that if the defendants exercised that care and caution which had previously proven sufficient that it was not negligence, it being submitted that it was for the jury to say under all the circumstances what was and what was not negligence, and the said charge was contrary to the provisions of section 26 of article V of the Constitution of 1895, that Judges shall not charge upon the facts."

These exceptions must be sustained. His Honor had excluded the evidence offered as to what had happened before. It was error to exclude evidence of previous transactions and then make previous transactions the test of due care.

The 4th, 5th, 6th and 9th exceptions will be considered together as they are governed by the same principles of law.

4. "In charging the jury, 'If the defendant was negligent and the plaintiff also negligent, he cannot recover: the law does not undertake to unravel a web of negligence to which both parties have contributed, but will leave them where it found them. A railroad propelled by steam or any other powerful motive power going

out and ranging through the country is dangerous, everybody knows that, and while the railroad company, its agents and servants, are held to a high degree of care, individual citizens are not absolved from their duty and responsibility to exercise care and prudence for their own protection; applying the rule both ways alike;' the errors being twofold, to wit:

(1) "In that, inasmuch as the complaint alleged wilful negligence, plaintiff's intestate could have been negligent, and, yet, plaintiff would have been entitled to recover upon making out a case of recklessness, wilfulness or wantonness, and the charge of his Honor errs in ignoring plaintiff's allegations, and requests to charge submitted by him, in these respects.

(2) "In that, inasmuch as plaintiff alleges recklessness, wilfulness, and wantonness of defendants as a proximate cause of the death of his intestate, the rule announced by his Honor, in consideration of these allegations, should not be applied alike.

5. "In charging the jury as follows, to wit: 'Every man in dealing with a railroad company is presumed to know that he is dealing with a dangerous engine of destruction, and he must exercise his faculties and his sense in a manner to protect himself when he comes in contact with one of these dangerous instruments, and if he does not do it, if heedless of apparent danger or danger which might exist, he goes and walks headlong into danger and destruction, and is killed, why he is guilty of negligence himself, and if his injury is the result of his own negligence, he cannot recover anything, even though the defendant was negligent, the law says you are both at fault and we will leave you where we found you;' the errors being that his language was such as to impress upon the jury that plaintiff's intestate so did, and his Honor thereby invaded the province of the jury and charged upon the facts contrary to the provisions of section 26 of article V of the Constitution of 1895, in stating to

the jury what circumstances would make negligence; and, also, erred in that he in so charging, ignored plaintiff's allegations of wilfulness and wantonness of defendants' and plaintiff's written request to charge thereon, the negligence of plaintiff's intestate being no defense to wilfulness and wantonness of defendants."

6. "In charging the jury as follows, to wit: 'Now, if the plaintiff is negligent as alleged and the defendant is also negligent—I mean if the defendant is negligent, as the plaintiff alleges, and the plaintiff is also negligent as the defendant alleges, then he can not recover anything, then the plea of contributory negligence is made out, provided it is proved to your satisfaction by a clear preponderance of the evidence on the part of the defendant. If you find that the plaintiff was injured through the negligence of the defendant, and at the time the plaintiff himself or his intestate, was not guilty of any negligence, of any negligence which was the proximate cause of the injury, then he is entitled to recover. That is the common law action;' the error being that his Honor, by such charge, ignored plaintiff's allegations of wilfulness and wantonness on the part of the defendants as against which contributory negligence of plaintiff's intestate is no defense and, also, ignored plaintiff's request to charge as to that phase of the case."

9. "In charging the jury as follows, to wit: 'If the defendant by its evidence shows that the plaintiff's intestate was also negligent, that he did not take that care for his own safety which a reasonably prudent man would have done and that his injury resulted from his own neglect, why, then, in this aspect of the case the plaintiff would not be entitled to recover anything, because the plaintiff would be guilty of contributory negligence, provided the contributory negligence was the proximate cause of the injury without which it would not have occurred;' the error being that such instruction ignored plaintiff's allegations of wilfulness on the part of defendant as to which contributory negligence is

no defense and the requests of plaintiff to so charge; and, also, that gross negligence is necessary on the part of plaintiff's intestate to defeat recovery in case the jury should find the statutory signals were not given."

The error complained of here being that the charge erroneously stated the effect of negligence of the deceased, who was killed at a public crossing. The allegations complained of negligence at common law, and, also, under the statute. Mere negligence was a defense, the defense of contributory negligence, to what in this case is called, common law negligence, that is the failure to do those things that due care required. but not provided for by the statute. Mere negligence was not a defense to the charge of failure to do what the statute required, to wit: sounding the bell or whistle. Besides, the plaintiff had charged wilfulness, and contributory negligence was not a defense to wilfulness.

We might as well say just here that the plaintiff admitted that wilful negligence on the part of the plaintiff was a defense, and we can not consider the affect of wilful negligence in reference to the charge of wilful negligence on the part of the defendant. The statute is as follows:

"If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter, and that such negligence contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment, as provided in the preceding section, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

It will be seen, by the reading of the statute, that if a person is injured in his person or property by collision with the

engine or cars of a railroad corporation, at a crossing, and that the corporation neglected to give the signals, and that such negligence contributed to the injury, the corporation shall be liable for all damages sustained, unless it be shown that in addition to mere want of ordinary care, the person injured was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross and wilful negligence, or unlawful act contributed to the injury. That statute is as clear as it can be made. The want of ordinary care, the contribution of ordinary negligence is not a defense, and when the Judge charged the jury that "the law does not undertake to unravel a web of negligence to which both parties have contributed, but will leave them where it found them," the charge is too broad and ignored wilful disregard of the rights of the deceased, and also the failure of the defendant to give the statutory signals, if there was wilfulness of a failure to give signals required by the statute. It is the duty of a Judge in charging a jury, when there are allegations of different kinds of negligence, to make it clear that there is a difference and to what allegations of negligence a general rule, which he states must be applied. These exceptions are sustained.

It is true that the case of *Edwards* v. *The Railway,* in 63 S. C. 271, 41 S. E. 458, and others, sustain the respondent's position, but these cases are so clearly and indisputably wrong, that, so far as they decide this point, they are overruled. *Stare decisis* is an excellent rule, but it has it limits. When the Courts add to a statute words it does not contain, the decision is not binding, because the judicial department has no power to add to statutes by one decree or many.

The 7th exception is as follows: 7. "In charging the jury as follows, to wit: 'So you see, gentlemen, by that statute the law imposes upon railroad companies the duty of blowing its whistle or ringing its bell within five hundred yards of a public crossing and continue so to blow or to ring until it passes, that is a statutory duty, that

is a plain duty imposed by the law. If it is done, if that duty is performed and notwithstanding that anyone is injured the railroad company is not responsible, but if that statutory ringing of the bell or blowing the whistle is neglected and a railroad train runs over a crossing, a public crossing, and injures anyone, then the law says that the failure to ring the bell or blow the whistle is, in itself, evidence of negligence;' the errors being in two particulars, to wit:

(1) "It was error to state to the jury that the failure to perform the statutory duty of ringing the bell or blowing the whistle as required by law was evidence of negligence, the law being that it is negligence *per se;* (2) It was further error, inasmuch as the complaint alleged negligence and wilfulness in other particulars than the nonperformance of the statutory duty to say to the jury that if the defendants performed the statutory duty, and, notwithstanding an injury followed, then the defendants would not be responsible."

It is contended by the respondent that the expression "evidence of negligence" is not misleading. To this proposition the Court can not assent. Where an act is negligence *per se,* the jury must find negligence. Where it is mere "evidence of negligence," the jury may or may not find that the defendant was negligent. The failure to sound the bell or whistle has been declared by this Court to be negligence, and if the jury had believed, from the evidence, that neither the bell was rung nor the whistle sounded, then they were bound to find for the plaintiff.

This exception is sustained.

The 8th exception is as follows: 8. "In charging the jury as follows, to wit: 'If one approaching a railroad crossing is in a state of meditation, their thoughts turned inward upon themselves or the subject about which they are thinking and unconsciously approach a railroad crossing, and in doing so, is run over and injured, that would be simply negligence on the part of the traveler;

but if one is approaching a crossing, he sees it or by the exercise of reasonable diligence he can see it, a whistle blown, which he ignores, the bell is rung, which he does not hear or heed, the view is open so that he can see and he does not look, why, there is a conscious failure to perform a known duty to himself, and if he is run over and injured, he cannot recover, because that is gross negligence on his part;' the error being twofold, to wit: (1) It is a charge upon the facts contrary to the provisions of section 26 of article V of the Constitution of 1895, his language being clearly calculated to impress the jury that he is discussing the conduct of plaintiff's intestate, and that his belief was that he so did, and it could only be pertinent when so applied; (2) It is an erroneous statement of what facts would constitute gross negligence, and is misleading, and the matter of simple or gross negligence being a matter for the sole determination of the jury, his Honor erred in stating what facts would constitute either simple or gross negligence."

This exception is sustained for two reasons: The two cases cited by his Honor, are the same, and second, it is a charge on the facts. The Judge has no right to tell the jury what would be gross negligence.

This exception is sustained.

The 10th exception is as follows: 10. "In charging the jury as follows, to wit: 'Unless the plaintiff's intestate was guilty of such negligence on his part, as weighed by the same scales that you weigh the negligence of the defendant, constitutes gross negligence on his part to employ his own faculties and his own capabilities to protect himself, if he was guilty of such gross negligence as that, then he is not entitled to recover punitive damages or any damages at all under the statute;' it being respectfully submitted that such statement was erroneous, in that his Honor thereby charged the jury that gross negligence on the part of plaintiff's intestate was a good defense to wilfulness and wantonness of defendants as alleged and ignored

plaintiff's request to charge as to wilfulness of defendants; and his Honor should have instructed the jury that gross negligence of plaintiff's intestate to be a defense even to the negligence of defendants in failing to give required statutory signals must contribute to the injury as a proximate cause thereof."

The first specification of error under this exception can not be sustained. The following colloquy occurred in the trial: "Mr. Barron: There's one thing I would like to call attention to, your Honor, before you close, that is to charge the jury that even if the railroad company, the defendant, were guilty of wilfulness, that contributory negligence on the part of the plaintiff would be no defense." "The Court: Unless it was gross." Mr. Barron: "Yes, sir; unless it was gross." The second specification of error is sustained as it makes mere inadvertence gross negligence. Inadvertence may be gross negligence, if the jury think that it was, but this was a charge on the facts.

The 11th and 12th exceptions are as follows: 11. "In failing and refusing to charge plaintiff's ninth request to charge, which was as follows, it being submitted to be a correct proposition of law applicable to the case, to wit: 'That if the jury find from the evidence that William Lawson, plaintiff's intestate, was killed at and on a public highway crossing over the Southern Railway Company's track, or one operated by it, by collision with the engine and train of cars thereon—and that the statutory signals as required by statute were not given on the approach to and across said crossing—that would in itself be negligence in it, and also evidence of reckless negligence.' "

12. "In failing and refusing to charge plaintiff's request to charge, numbered twelve, which was as follows, it being submitted to be a correct proposition of law applicable to the case, to wit: 'That if the jury find that the statutory signals were not given by the train on approaching the place where the railroad crosses the public highway, even if it

should be clearly proved that William Lawson did not look and listen, yet that would not show in itself gross negligence or want of care; but it would be a question for the jury to settle from all the evidence and circumstances in the case.'"

These requests were charges on the facts and properly refused. These exceptions are overruled.

The 13th exception is as follows: 13. "In failing and refusing to charge plaintiff's request to charge, numbered fourteen, which is as follows, it being submitted to be a correct proposition of law applicable to the case, to wit: 'That if William Lawson, plaintiff's intestate, traveling upon the public highway and having exercised that deree of care, caution and prudence, which a man of ordinary prudence and caution would have exercised, went upon the track of Southern Railway Company where it crosses the public highway, and he was then and there confronted by sudden peril and danger to which the negligence of said company or its servants subjected and exposed him, and through fright or any other mental emotion or operation, he acted unwisely or erroneously, that would not be negligence or gross or wilful negligence on his part.'"

This exception must be sustained and *Douglass* v. *Railway,* 82 S. C. 79, 80, 62 S. E. 15, is authority for this charge.

Exception 14 is as follows: 14. "In failing and refusing to charge plaintiff's request to charge, numbered sixteen, which was as follows, it being submitted to be a correct proposition of law applicable to the case, to wit: 'That even if the jury should find that the statutory signals were given as required by statute, on the approach of the train to the crossing at which William Lawson was killed by collision with it; yet, the defendant, Southern Railway Company, would be liable to the plaintiff in this action for damages for said killing,—if the jury should find that the death of William Lawson, plaintiff's

intestate, was the proximate result of and caused by defend-ant, Southern Railway Company, or its servants' ordinary negligence in any other respect as alleged in the complaint,—unless the jury should find further that William Lawson was guilty of negligence on his part, which contributed as a proximate cause to his injury and without which it would not have happened; but if the jury should find that the death of William Lawson was the proximate result of the wilful or reckless negligence of defendant, Southern Railway Company, or its servants, in any particular as alleged in the complaint, then no negligence on the part of William Lawson at the time of the collision, neither ordinary nor gross negligence, would constitute a defense to the action or relieve Southern Railway Company from liability of the damages for the death of William Lawson.' "

This exception cannot be considered, for the reason stated above—that appellant had admitted that gross negligence on the part of the plaintiff's intestate was sufficient.

The 15th exception cannot be considered, for the same reason alleged as to the 14th.

The 16th exception is as follows: 16. "In failing and refusing to charge plaintiff's request to charge, numbered eighteen, it being submitted that the same set forth a correct proposition of law applicable to the case, and which is as follows, to wit: 'I charge you that conscious negligence is wilful negligence.' In *Tinsley* v. *Telegraph Company*, 72 S. C. 354-355, 51 S. E. 913, the Court says: 'A conscious failure to observe due care is wantonness or wilfulness.' Failure to observe due care is negligence; therefore, conscious failure to observe due care is conscious negligence."

Whatever the grammarians may think of this aggregation of words, they are terms of art and not subject to their rules.

This exception is sustained.

The 17th exception is as follows: "In failing and refusing to charge plaintiff's request to charge, numbered twenty, which was as follows, the same being submitted to be a correct proposition of law applicable to the case, to wit: 'Large and extensive powers and privileges are granted to railroads, and among them to condemn land for the purposes of its railroad tracks, and to cross public highways and streets; but when it lays its track bed across a public highway or street it is bound to use reasonable care and precaution in doing so, and to put such crossing in a reasonably safe condition for the traveling public, and this duty is a continuing one, and if you find from the evidence in this case that the defendant, Southern Railway Company, failed in its duty in not so keeping and maintaining the public crossing where Mr. William Lawson was killed in a reasonably safe condition by failing to cut down grass, bushes and weeds, whereby the said crossing became a dangerous crossing, and that such failure contributed to his (Mr. Lawson's) injury and death; and, if you further find from the evidence that the said William Lawson at the time he was struck by the train of said Southern Railway Company was not guilty of contributory negligence which was a proximate cause of his injuries and without which they would not have occurred, your verdict must be for the plaintiff, and I so charge you.' "

This exception cannot be sustained, because not applicable to the facts proven in the case. There was no evidence in this case that the bushes and weeds of the embankment complained of, were on the defendant's right of way. The plaintiff's evidence in regard to this matter was ruled out by his Honor and to such ruling there has been no exception. The plaintiff offered the charter which showed that the railroad company was entitled to one hundred feet from the center of its track, on both sides, but he offered no evidence that this Court can find to show that the embankment or the obstructions were within one hundred feet of the

center of the track and the embankment was removed or
cut down by the town of Union, and this is the only act of
ownership proven in the case; so that this request to charge,
not being germane to any fact proven in the case, was
properly refused and this exception overruled.

The same may be said of the 18th exception, also the
19th.

The 20th exception is as follows: 20. "In failing and
refusing to charge plaintiff's request to charge, numbered
twenty-three, it being respectfully submitted to be a correct
proposition of law applicable to the case, and which was as
follows, to wit: 'If you do find from the evidence, as I have
just stated to you, that the said crossing at which Mr. Wil-
liam Lawson was killed was unsafe to the traveling public
using that crossing and dangerous, then it would have been
negligence on the part of the railroad company not to have
corrected said evil and prevented said danger if it could
have done so, and a reasonably prudent person under the
same circumstances would have done so; and if it allowed
it to so remain, knowing it to be dangerous and that it was
a menace to those who used said public highway, then, its
failure to perform a known duty and to prevent a danger
at said crossing of which it was aware, and could have pre-
vented as alleged in the complaint, would be wilful and
deliberate negligence.' "

This exception is overruled, because the evidence does not
show that the obstructions were so located that they could
have been removed by the defendant.

The 21st exception is as follows: 21. "In failing and
refusing to charge plaintiff's request to charge, numbered
twenty-six, it being submitted to be a correct proposition
of law applicable to the case, and which was as fol-
lows, to wit: 'If the jury should find from the evi-
dence that others had just passed over the public
crossing where Mr. William Lawson was killed, and that
Mr. William Lawson knew that they had just passed over

Rep.]                    November Term, 1911.

in safety, the jury may consider that fact in determining whether Mr. Lawson believed, (if he did so believe), that the coast was clear, and he too could pass over in safety; and, I charge you that if a man of ordinary reason and prudence would have gone ahead under such belief, then, it would not have been negligence on his part.    Negligence is the failure to exercise that care and prudence which a man of ordinary prudence and firmness would exercise under the same circumstances.' "

This request was a charge on the facts and properly refused.

The 22d exception is as follows: 22. "In modifying plaintiff's request to charge, numbered six, and in not charging the same without modification, it being submitted that the request stated a correct proposition of law applicable to the case, and that the modification thereof was error and incorrectly states the law.    The request to charge was as follows, to wit: 'That if William Lawson, plaintiff's intestate, was killed by collision with Southern Railway Company's train, drawn by its engine, at a public crossing over its track, and the statutory signals were not given, as required by the statute on approaching said crossing at the time of the said killing,—then the burden of the proof by the preponderance of the evidence is on the Southern Railway Company, if it would relieve itself from liability for damages for said killing, to show that he knew of the approach of said train to said crossing in time to have avoided the collision, the law does not presume nor will the Court assume deceased knew of the approach of the train,' and the modification thereof being as follows, to wit:

" 'I charge you that is good law provided by the use, the ordinary use of his faculties and senses he could not have seen or known of the train, if he could he is not entitled to recover, if he could not, then that is good law;' it being further submitted as to said qualification that it destroys the rule of evidence by substituting the possiblity of knowledge

for the legal proof of the fact that he did know, and makes the failure on the part of the plaintiff's intestate to see or know of the approach of the train, if he could have done so, gross negligence, the same being error."

This exception is sustained.  It is not a proposition of law that one approaching a public highway is responsible for a collision, except in case of gross or wilful negligence, and the Court has no right to say that inadvertence is gross or wilful negligence.

The same ruling is made in reference to exception 23.

The statement, "if he had an opportunity of seeing and didn't see, why then he should have stopped.  If he has an opportunity of seeing, his business was to see, and if he didn't exercise those faculties, why it was his own fault." The error here is in the Judge's comment on the exception. He made a finding of fact which was for the jury.

Exception 24 is as follows: 24.  "In modifying plaintiff's request, numbered twenty-five, it being submitted that the said request set forth a sound proposition of law applicable to the case, and which should have been charged without modification, the said request being as follows, to wit: 'In every instance the care required in the operation of trains must be commensurate with the risk, and extra precautions should be used where extra dangers exist; and a person in passing over a crossing where an extra danger exists has a right to assume that extra caution will be observed by the railroad company;' and the said modification being as follows, to wit: 'That is good law, and when it comes to the plea of contributory negligence the same rule applies to persons coming to the crossing, if there is an extra danger there, he must look out and use extra precautions on his own behalf,' the errors in said qualification being twofold, to wit: (1) In not limiting his qualification by saying, 'If it was shown that he knew of the danger,' or words to that effect; (2) In not going further in said qualification and instructing the jury that the

failure to look out and use extra precautions, even though it were shown by the evidence that he knew of the dangerous character of the said crossing, would not be a defense in event of a failure to give the statutory signals unless it amounted to gross contributory negligence; and, would not in any other case be a defense unless it amounted to a failure to exercise due care which contributed to the injury as a proximate cause thereof."

In regard to this exception, the request to charge and the modification are both erroneous. What care was necessary on the part of the defendant and what care was necessary on the part of the deceased, were both questions of fact for the jury.

Exception 25 is as follows: 25. "In charging the defendant's second request to charge, which is as follows, to wit: 'Not only must the plaintiff prove that there was a failure to ring the bell or sound the whistle continuously for five hundred yards before the engine or train reached the crossing, but he must also prove that such failure contributed as a proximate cause to the injury complained of, and if he fails to establish these facts then he has failed to prove the allegations of his complaint in this respect;' the error being that the law presumes from an injury received at a public crossing upon failure to give the statutory signals that such failure was the proximate cause thereof, and the instruction contained in said charge was misleading and tended to impress the jury with the idea that affirmative evidence and evidence other than the proof of the injury so received was necessary before plaintiff could recover, and was practically an instruction to that effect."

This was error; the Court says, in *Lee* v. *Railway*, 84 S. C. 137, 65 S. E. 1031: "When it appears that an injury occurred at a crossing, and that the statutory signals were not given, there arises a presumption that the failure to give the signal, which is negligence *per se*, contributed to the injury."

15—91

Exception 26 is as follows: 26. "In charging the defendant's first request as to the statutory cause of action, which was as follows, to wit: 'Our Supreme Court has recently declared that a railway crossing is of itself inherently dangerous. I, therefore, charge and instruct you that it is the duty of a person intending to cross a railway track at a highway crossing to be on the alert, and to be vigilant, in order to avoid being injured. The law requires of every one to exercise that degree of care and caution which men of ordinary care and prudence would, or ought to exercise, under the same circumstances in order to avoid being injured;' the error being that the said charge was inapplicable to the defense of contributory negligence under the statutory cause of action, and was misleading and confusing to the jury, and was practically an instruction to the jury, that the failure on the part of a person injured at a crossing to exercise ordinary prudence and caution, when the statutory signals had not been given, would defeat his action under the statute, and was erroneous in this respect."

This was also error. The law does not make the want of ordinary care and prudence, but gross and wilful negligence, a defense. The law seeks to make a public highway a safe place. It permits a dangerous agency to pass over it, but he who converts a public highway into a place of danger and death, must see to it that no one is injured by his negligence.

Exception 27 is as follows: 27. "In charging the defendant's fourth request to charge as applicable to the statutory cause of action, the said request to charge being as follows, to wit: 'If the evidence in any case establishes the fact that the person is familiar with all the surroundings and knows of the danger impending, and fails to stop, look and listen before entering upon a railway crossing, and should further show that a man of ordinary prudence would have stopped, looked and listened, and that

such failure contributed as a proximate cause to an injury, then, under the law, he is guilty of contributory negligence;' the error being that the doctrine of simple contributory negligence has no application to the cause of action for failure to give the statutory signals, and it was misleading and confusing to the jury, and was erroneous, in that, it was practically and in effect a charge to the jury that plaintiff's cause of action could be defeated by simple contributory negligence on the part of his intestate."

This charge was error.   The statute says—"if such negligence contributed to the injury."   The Court has no right to add to the statute the words "as a proximate cause," and as this complaint contained the allegation that the statutory signals were not given, mere contributory negligence was not a defense.

This exception is sustained.

The 28th exception is as follows: 28. "In charging the defendants' fifth request to charge as applicable to the statutory cause of action, and, especially with the addition or qualification thereto made by his Honor, the said request being as follows, to wit: 'I charge and instruct you that if the circumstances of the case were such as to have demanded that a man of ordinary care and prudence should have exercised slight care before entering on the crossing, and if you find that the deceased did not exercise slight care, and should further find that such failure contributed as a proximate cause to his injury, there can be no recovery on account of the failure to ring the bell or sound the whistle;' and the said addition or qualification thereto by his Honor being as follows, to wit: 'Properly construing that, of course, but I prefer to charge you that if upon entering upon a crossing and that it be a known dangerous place, it is the duty of the traveler to exercise the greatest care that the circumstances might require to protect himself.   The word "slight care" there might be misleading;' the error being that his Honor by the said

addition or qualification to the said request impressed upon the jury that plaintiff's intestate should have exercised the greatest degree of care in going upon said crossing, and, thereby, practically instructed the jury that if plaintiff's intestate did not exercise the greatest degree of care before entering upon said crossing the cause of action would be defeated, which said addition to the said request to charge was especially prejudicial to plaintiff in that the said request was presented as applicable to the statutory cause of action, and, also, in view of the previous requests of defendants' charge to the jury as applicable to the said statutory cause of action a much greater burden of proof was required of plaintiff than is required by law."

This exception is sustained. His Honor was right in saying the words "slight care" are misleading. The statute makes the defense gross and wilful negligence, where there is a failure to give the statutory signals and the charge, in its general statement, included the failure to give the statutory signals.

The 29th exception is as follows: 29. "In charging the defendants' first, second and third request to charge as to contributory negligence of plaintiff's intestate under the common law cause of action, the said error being that the said requests ignore plaintiff's allegations of wilfulness and wantonness of defendants as a proximate cause of the injury, and plaintiff's request to charge the law thereon."

This exception does not comply with the rule and is not considered.

The 30th exception is as follows: 30. "In failing to charge at any time during his charges to the jury, the proposition of law applicable to the case, to the effect or in substance as follows, to wit: 'That contributory negligence on the part of plaintiff's intestate would be no defense to wilful or wanton negligence on the part of defendants which contributed to the injury as a proximate cause

thereof,' which said proposition of law in effect or substance should have been given to the jury, especially in view of plaintiff's request that the jury in substance be so charged, and, also, in view of his Honor's reiterated instruction that plaintiff could not recover if his intestate had contributed by his negligence, in any way, to his injury as a proximate cause thereof, the error being, that by such failure, and despite plaintiff's request, he was denied the benefit of such instruction to the jury."

This exception will not be considered, because the plaintiff had the right to request the charge and having failed to do so, has no right to complain.

The 31st, 32d and 33d exceptions apply solely to the conduct of the last trial, and, inasmuch as this case will be sent back for a new trial, they do not properly arise.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE GARY *concurs in the result.*

MR. JUSTICE WOODS *concurs in the result.*

MR. JUSTICE WATTS *did not sit in this case.*

MR. JUSTICE HYDRICK, *concurring and dissenting:* I concur in the result. Some of the exceptions which have been sustained in the opinion of Mr. Justice Fraser are based upon isolated portions of the charge; and, if these parts had been considered in connection with the whole charge, which is the rule of this Court in considering exceptions to a charge, the exceptions imputing error in so charging should have been overruled.

I wish, however, especially to note my dissent from the opinion that the case of *Edwards* v. *Ry.*, 63 S. C. 271, 41 S. E. 458, is wrong and should be overruled. That case has

been frequently cited by this Court with approval, and there is nothing in it at variance with the law or with any other decision of this Court. Like this case, that action was brought, under the common law and under the statute, for damages for an injury by collision at a railroad crossing. The Circuit Judge correctly charged the law applicable to the common law phase of the case, and also to the case as made under the statute. It appears on page 284 of the report that he charged plaintiff's third request, that if the signals required by statute were not given, plaintiff was entitled to recover, unless his intestate was guilty of gross or wilful negligence, which contributed proximately to the injury. It also appears on page 285 that he charged plaintiff's fifth request, to wit: "When the law speaks of an act of negligence as contributing to the injury, it means as a direct and proximate cause thereof, without which the injury would not have occurred." The exception to that charge was overruled by this Court.

In the cases of *Wragge* v. *R. Co.*, 47 S. C. 105, 25 S. E. 76, 33 L. R. A. 191, and *Strother* v. *R. Co.*, 47 S. C. 375, 25 S. E. 272, this Court held that, in an action under the statute, it was not necessary to show that the failure to give the statutory signals was the proximate cause of the injury. But in the subsequent case of *Bowen* v. *Ry.*, 58 S. C. 222, 36 S. E. 590, the Court said: "When the law speaks of an act of negligence as contributing to an injury, it means as a direct and proximate cause thereof." Though no reference was made thereto, this announcement of the law necessarily overruled the contrary principle which had been ruled in the Wragge and Strother cases. No doubt the request above quoted in the Edwards case was taken from the Bowen case. The rule announced in the Bowen case has been followed ever since. *Burns* v. *Ry.*, 65 S. C. 229, 43 S. E. 679; *Duncan* v. *Greenville*, 73 S. C. 254, 53 S. E. 367; *Turbyfill* v. *Ry.*, 83 S. C. 328, 65 S. E. 278; *Lee* v. *R. Co.*, 84 S. C. 138, 65 S. E. 1031.

The points above mentioned are the principal, though not the only ones discussed in the opinion of Mr. Justice Fraser, to which I do not assent. I do not mention the others specifically, because they are of less importance and I have not the time to discuss them.