FOWLER v. HARRISON.

1. EXCEPTION alleging error in refusing new trial "on grounds set forth above," held too indefinite to be considered.

2. PRACTICE—CHARGE.—If a charge be vague, indefinite, calculated to leave the jury in doubt or under wrong impression, the better practice is for counsel to call Court's attention to it.

3. CHARGE—PREPONDERANCE OF EVIDENCE.—Where plaintiff claims contract was for one amount, and defendant for another, it is proper to charge the jury that plaintiff must establish his claim by the preponderance of the evidence, and that defendant must also prove his claim by preponderance of the evidence.

Before KLUGH, J., Anderson, July, 1901.   Affirmed.

Action by J. S. Fowler, trustee for Annie H. Cunningham, against G. W. Harrison.   The trial Judge instructed the jury as follows:

"This case presents questions of fact for you to determine. As you are aware, where a person has lien for rent or supplies on a crop under certain conditions, the holder of the lien may seize the crop over which the lien exists, and the law provides that he can make out a statement as to the amount due, and the clerk of the court makes out a warrant, and the sheriff seizes the crop, and then the lienor may give notice to the sheriff that the amount claimed is not justly due, and the sheriff holds the proceeds until the question is determined by the jury in the Court of Common Pleas.   The plaintiff here has instituted a proceeding of that kind in this case; the warrant was issued and the sheriff seized the goods, and the lienor gave notice that the amount was not due. You will determine whether that amount was due or not, and in determining that question you will consider the question as between J. S. Fowler and G. W. Harrison.   Now, if a person employs or empowers an agent to transact the whole business, the agent then has authority to do whatever is involved in the scope of his agency.   If it is to make a contract and carry out a contract, and he is allowed by the principal

from year to year to make the contracts and generally carry out the business, and act just as the principal would act, then, whatever he does, is binding upon the principal—whatever he does within the scope of his authority. Now, in this case you will have to determine if there was an agent acting for Fowler; and, if so, did he have the authority to make the contract and change the contract, and if he did make a modification of the contract, that modification would be binding on his principal. Now, the defendant claims that the amount he claims here was not justly due, because principal (Fowler), through his agent, had made a change in the contract which reduced the amount of rent that the defendant, Harrison, was to pay. If you conclude that there was a reduction, then you will allow for said reduction, and you will find a verdict for the defendant, if it amounts to as much as plaintiff claims. But if you find that there was an amount due, then, after the reduction, you will find for the plaintiff; and if you conclude that there has been no change in the contract, you will find for the plaintiff the amount claimed. It is a question of fact, whether you find that there is an amount due or not; and if you conclude that the plaintiff is entitled to the whole due, you will find for the plaintiff, giving him the value of 741 pounds of lint cotton, I believe it is, at whatever figures you conclude that it is worth. If you conclude that he is entitled to recover less than the whole of it, you will say how much he is entitled to; and if you do not think he is entitled to anything, you will find your verdict for the defendant. The plaintiff must prove his case by the preponderance of the evidence—that is, the greater weight of the evidence; and if the defendant says that the amount was not justly due, he must prove his side also by the preponderance of the evidence."

From judgment on verdict for plaintiff, defendant appeals.

*Mr. B. F. Martin,* for appellant, cites: *Verdict is not jus-*

*tified by any hypothesis presented by the evidence:* Thom and Mer. on Juries, sec. 418; 95 Ill. App., 137; 39 S. W. R., 172; 16 Ency., 1 ed., 583; 14 Ency. P. & P., 773, and cases cited. *Verdict is not supported by the evidence:* 16 Ency., 1 ed., 560, 561; 30 S. C., 136; 36 Me., 300; 3 Hun., 164; 59 Wis., 364; 29 L. R. A., 474. *Error in charging that defendant need do more than balance the testimony:* 5 Ency., 1 ed., 22. *Error in admitting secondary evidence of contents of account book:* 5 S. C., 58.

*Messrs. Tribble & Prince,* contra. *Mr. Prince* cites: *First exception is too general:* 26 S. C., 304; 59 S. C., 1; 35 S. C., 511; 40 S. C., 74. *Landlord has statutory lien for rent:* Rev. Stat., 2512. *Charge must be construed as a whole:* 41 S. C., 440; 29 S. C., 4.

June 25, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. Under the law of this State regulating attachment of crops to pay rent, during the year 1900, the plaintiff caused the crop of the defendant for rent during the year 1900 to be attached to pay said rent, amounting to $135.19. Upon the defendant denying that such amount was due, the matter came before the Court of Common Pleas for Anderson County, 1st July, 1901, for trial before his Honor, Judge Klugh, and a jury. Verdict was rendered in favor of the plaintiff for $101.69. After entry of judgment, the defendant has appealed therefrom to this Court on the following grounds which were pressed, viz:

"1. Because his Honor erred in not granting defendant's motion for a new trial on the grounds set forth in said motion and given above." "On the grounds sets forth in said motion and given above," is the language of appellant in setting forth his exception to the Circuit Judge's refusal to grant a new trial. We have time and time again pointed out to appellants that an exception must contain in its own statement exactly what is relied upon as

erroneous, and in no instance must the appellant rely upon statements elsewhere appearing in the "Case." We do not know any better method to apprise appellants of the rule of Court on this subject than to enforce it. Respondent invokes the application of the rule of Court on this subject. We must, therefore, decline to consider this exception in its faulty statement. But to relieve appellant, we will say that for our own purposes we did look into the "Case" and find the grounds made for a new trial to be groundless. This is not a decision, however, on such grounds for new trial. This exception is overruled.

We will next pass upon the third ground of exception, which is as follows: "3. Because his Honor erred in charging the jury, 'The plaintiff must prove his case by the preponderance of the evidence; and if the defendant says that the amount was not justly due, he must prove his side also by the preponderance of the evidence.' This charge lays upon the defendant the burden of proving a negative, whereas the burden of proving the correlative affirmative is upon the plaintiff. Or, at best, the charge as a whole is vague and indefinite on this point, and leaves the jury uncertain or under a wrong impression as to how they should decide in the event of its being *doubtful as to where lies the preponderance* of the evidence." If the charge was "vague and indefinite," and was calculated to "leave the jury uncertain" or "under a wrong impression as to how they should decide in the event of it being doubtful as to where lies the preponderance of the evidence," it seems to us that appellant's counsel should have intervened and called the Judge's attention to the matter. This is the better practice. Every Circuit Judge desires by his charge to be helpful to the jury in reaching a right conclusion. A Circuit Judge never takes sides with a party before him when he comes to charge a jury or, indeed, at any stage of the trial. Lawyers are officers of the Court, and should aid the Court by suggestions. It is true, these suggestions are usually embodied in requests to charge, but not always, nor necessarily so.

But we will not make our response to this exception upon this statement of a lawyer's duty.

We have examined the entire charge, and from that examination we are convinced the jury could not have been misled by the words of the Judge complained of. The testimony of the plaintiff and that of the defendant was diametrically opposed to each other, as to the contract or lease of the lands in question. The plaintiff, on the one hand, contended for a yearly rent, to wit: 2,400 pounds of lint cotton and a certain number of bushels of corn. While the defendant's witnesses attempted to show that a different agreement entirely as to the rent for the year 1900 was agreed upon between plaintiff's agent and the agent of the defendant. Now, it is very clear that before plaintiff's contention could be accepted, the jury were obliged to be governed by the preponderance of the testimony leading them to adopt plaintiff's side. If, however, the jury should not be satisfied to adopt plaintiff's view of the rent by reason of the force and effect of defendant's testimony as to a different contract, then the Circuit Judge meant that if the jury accepted the new contract for rent as set up by defendant, they (the jury) must have their minds to accept this conclusion by a preponderance of the testimony. A charge of the presiding Judge must always be construed as applicable to the issues on trial before him, in a particular case. When, therefore, the Circuit Judge's charge is thus viewed, it is very evident that no injury resulted to defendant from his language excepted to. The Judge's charge will be reported. This ground of appeal is also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES GARY and JONES *concur in result.*