### 7540

### AUSTIN v. HUNTER.

### AUSTIN v. WOODS.

### AUSTIN v. TODD.

1. DEEDS—LIMITATION OF ESTATES.—A deed without an *habendum* clause conveys to grantee only a life estate, and on his death the land reverts to grantor or his heirs.

2. REFORMATION OF DEEDS.—A decree for reformation of a deed by inserting an *habendum* clause passing a fee simple is inevitable under uncontradicted proof that full value was paid for fee simple, that during the negotiations of sale nothing was said by the grantor indicating an intention to convey or purchase a life estate, that grantor indicated by her conduct and conversation an intention to convey the land without reservation or reversion and a warranty in the deed to the grantor and his heirs.

Before C. C. FEATHERSTONE, Special Judge, Greenville, June, 1909. Affirmed.

Three actions by W. N. Austin *et al. v.* F. D. Hunter, against T. D. Woods and against J. Arthur Todd. From judgment for defendants, plaintiffs appeal.

*Mr. A. Blythe, for appellants,* cite : *Kind of evidence to warrant reformation:* 67 S. C., 285. *What mistake equity will relieve against:* 67 S. C., 284; McM. Eq., 452; McC. Ch., 112; 1 Pet., 1; 2 Pom. Eq. Jur., sec. 483.

*Messrs. Haynsworth, Patterson & Blythe,* contra, cite : *Mistakes may be shown by parol and corrected:* 20 Ency., 828; 4 Wig. on Ev., 3399; 44 S. C., 22; 34 S. C., 401; 38 S. C., 416.

April 8, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiffs, as heirs at law of Sallie E. Austin, brought these three actions against the several defendants to recover possession of the tract of land described in the complaints. The three cases depend on the same facts and principles of law, and were tried together in the Circuit Court and in this Court. The defendants claim from Sallie E. Austin, who conveyed the land in dispute to J. Harrison Boyd, from whom they derive title by successive conveyances. In the answers it is admitted that the deed from Sallie E. Austin to J. Harrison Boyd contained no *habendum* clause, and that the word "heirs" was omitted from the granting clause and used only in the warranty. Conceding that at law such a deed conveyed only a life estate, the defendants set up as an affirmative equitable defense that full and adequate consideration for a fee simple title was paid to Sallie E. Austin by J. Harrison

Boyd, and "that in the drafting of said deed a mistake was made, in that the *habendum* was omitted from the said deed, so that the same contained no limitation to the heirs of J. Harrison Boyd."

On this allegation the defendants asked that the deed be so reformed that it shall operate as a conveyance in fee.

The cause went to trial before a jury without any formal separation of the legal and equitable issues. At the close of the testimony the Circuit Judge refused to instruct the jury to find for plaintiffs, and on the contrary directed a verdict for the defendants. Thereafter a decree was filed sustaining the equitable defense and ordering reformation of the deed of Sallie E. Austin, as asked for by defendants.

If the jury trial be regarded as a trial of the legal issue of title and not of the equitable issue of mistake, then the Court was in error in directing a verdict in favor of the defendants; for in law the deed from Sallie E. Austin conveyed only a life estate and on her death the plaintiffs as her heirs at law held the legal title. *McMichael* v. *McMichael,* 51 S. C., 555, 29 S. E., 403; *Sullivan* v. *More,* 84 S. C., 426. But if such instruction was erroneous, the error could not affect the result; for, assuming that the plaintiff was entitled to the verdict on the legal issue, such verdict would have been of no substantial value, because it would have been rendered nugatory by the decree of the Court on the equitable issue that the defendants were entitled to have the deed reformed into a conveyance of the fee simple title. The only practical question, therefore, involved in the appeal is whether the decree ordering a reformation was sustained by the evidence.

The evidence was very strong to the effect that the consideration of the deed from Miss Austin to Boyd was the full value of the fee simple title; that in the negotiations

and at the time the deed was made, nothing was said by either party indicating an intention to convey or to purchase a life estate; and that the grantor indicated by her conduct and conversation an intention to convey the land without thought of reservation or reversion. The plaintiff offered no evidence whatever to the contrary. The warranty clause could not, of course, have the effect of enlarging the estate granted, but the fact that the grantor expressed the intention to warrant the title to the grantee and his heirs, is itself a circumstance indicating that the omission of the words "heirs" from other portions of the deed was due to inadvertence or mistake.

Under such clear and uncontradicted proof of mistake a decree for reformation was inevitable. *Johnson* v. *Gilbert,* 13 Rich., 42; *Brock* v. *O'Dell,* 44 S. C., 22, 21 S. E., 976; *Hutchison* v. *Fuller,* 67 S. C., 280; 45 S. E., 164.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.