8299

### SULLIVAN v. MOORE.

RE-FORMING DEEDS.—Under the proof in this case the trial Judge was
correct in refusing to set aside the findings of the jury, and in order-
ing a deed conveying a life estate by omission of the word "heirs"
in the habendum and premises, conveying a valuable tract of land
for valuable consideration, drawn by a layman, to be re-formed so as
to convey a fee simple.

Before C. C. FEATHERSTONE, Special Judge, Laurens,
April term, 1910.    Affirmed.

Action by Rosalie A. Sullivan against John Moore. Plain-
tiff appeals.

*Messrs. Grier, Park* and *Nicholson* and *Richey & Richey,*
for appellant. *Messrs. Grier, Park* and *Nicholson* cite:
*Does the testimony show mutual mistake?* 2 Strob. Eq.
154; Bail. Eq. 494; 21 S. C. 235; 46 S. C. 221; 49 S. C.
241; 67 S. C. 280; 44 S. C. 22; 4 Rich. Eq. 307.

*Messrs. Simpson, Cooper* and *Babb,* contra.

August 26, 1912.    The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.    In this action to recover posses-
sion of a tract of land, the decree in a former appeal
adjudged that on the trial of the issue of legal title the Cir-
cuit Judge should have directed a verdict for the plaintiff,
on these undisputed facts: on 26th August, 1886, the plain-
tiff, being the owner of a tract of land containing two hun-
dred acres, conveyed the entire tract to Mrs. Alice P. Greer;
on October 31, 1892, Mrs. Greer conveyed the ninety acres
in dispute to Mrs. P. O. V. Martin; and on January 23,
1896, Mrs. Martin conveyed to the defendant, John Moore.
The deed of conveyance from the plaintiff to Mrs. Greer did

not express either in the premises or the *habendum* clause that it was a conveyance to her and her heirs, though the warranty was to her, "her heirs and assigns." The Court held that under the common law rule, which still prevails in this State, Mrs. Greer took only a life estate, and upon her death, in 1906, the legal title would revert to Mrs. Sullivan; and further, that there was no evidence to support the defense of estoppel. 84 S. C. 426, 65 S. E. 108.

The defendant set up also the defense of mistake, alleging that the parties to the deed from Mrs. Sullivan to Mrs. Greer intended that it should convey a fee simple, and demanded judgment that the deed be re-formed accordingly. This last defense was not passed on by the Circuit Court at the first trial, and in disposing of the former appeal this Court left that issue open. On this defense at the second trial the following were the issues submitted by the Court and the responses made by the jury:

"First. Did Rosalie Sullivan intend to convey only a life estate by the deed? No. .

"Second. Was the word 'heirs' left out of the deed by mistake of both parties and did the parties to the deed intend to convey a fee simple (absolute) estate? Yes.

"Third. What was the value of the land at the time of the execution of the deed? $2,000."

The Circuit Judge made an order refusing a motion for a new trial and directed a re-formation of the deed. The eight exceptions raise only the one question, whether the Circuit Judge should have directed a verdict in favor of the plaintiff on the issues submitted or withdrawn the issues from the jury, and should have refused to re-form the deed on the ground that there was no evidence of such a character as would warrant the inference that there was mutual mistake and that the intention was to convey and to take a fee simple title.

The plaintiff can have no complaint of the view taken by the Circuit Judge of the degree of proof necessary to war-

rant a finding of mutual mistake and a judgment of re-for-
mation, for, in charging the jury, he expressed his convic-
tion on the subject in this language: "But before a court
of equity will re-form a solemn instrument it must be shown
by evidence which is the most clear and convincing not sim-
ply it was a mistake on the part of one of the parties, but
that it was a mutual mistake, that both parties intended a
certain thing, and that by mistake in the drafting of the
paper they did not get what both parties intended."

Mrs. Sullivan and her husband testified that she intended
to convey only a life estate and that it was so understood by
all the parties to the transaction.   But the circumstances, we
think, negative that intention, and show clearly and convinc-
ingly that the intention was to convey a fee simple.   Accord-
ing to the testimony of the plaintiff and her husband, the
deed was made at the request of Hewlett Sullivan, the uncle
of plaintiff's husband, and of Mrs. Greer, the grantee, in
consideration of the satisfaction of a mortgage held by Hew-
lett Sullivan against the plaintiff.   The testimony shows,
and the jury found, that the land was worth at the time
about $2,000.   Although Mrs. Sullivan and her husband
testified on this trial that the mortgage had been reduced by
gift of Hewlett Sullivan to a little less than $1,000, on the
former trial Mrs. Sullivan testified that there might have
been $4,000 or $5,000 due; and what was still more signifi-
cant, there was nothing to show the gift of three-fourths of
the mortgage debt except the indefinite statement of the
plaintiff and her husband.   W. R. Osborne testified that he
heard the negotiations between the plaintiff and Hewlett
Sullivan, and that in speaking of the conveyance of the land,
nothing was said about conveying only a life estate.   The
plaintiff and her husband testified that from 1886, when the
conveyance was made to Mrs. Greer, until 1907, after Mrs.
Greer's death, they never spoke to each other, their children,
or any one else of the fact that Mrs. Sullivan would get the
land back on the death of Mrs. Greer.   It is highly improb-

able under the circumstances that such a valuable interest in land so near by would not be mentioned if the husband and wife supposed that it existed.

Mrs. Greer died in November, 1906, and even then not a word was said by the plaintiff in assertion of her claim until the defect was brought to her attention by Mr. Babb, who had discovered it in examining the title for a prospective purchaser, and she was asked to sign a paper perfecting the form of the title into a fee simple.

The deed of conveyance to Mrs. Greer was written by Jared B. Sullivan, plaintiff's husband. Unless the Courts must look away from the obvious, they know that it is probable almost to the point of certainty that in writing a deed no layman would express the conveyance of a life estate by the mere omission of the word "heirs" in the premises and the *habendum* when using it in the warranty, and that no lawyer would do so except one wholly possessed with the spirit of priggishness.

These circumstances taken together make proof clear and convincing that it was the intention of Mrs. Sullivan and Mrs. Greer that the conveyance to the latter for valuable consideration should convey a fee simple title, and under such proof the defendant was entitled to have the deed re-formed. *Austin* v. *Hunter*, 85 S. C. 472, 67 S. E. 734, and cases cited.

Affirmed.

MR. JUSTICE FRASER *concurs in the result.*