### 8665

#### MULLALY v. SMYTH.

1. CHARGE—EVIDENCE.—The instruction here complained of that the Court instructed the jury that the appellant could only recover by proving his case by a clear preponderance of the testimony, could not have misled the jury, as he explained that he meant by "clear preponderance" the "greater weight."

2. IBID.—Instructing the jury as to the law applicable to any facts proved, and stating admitted or noncontested facts, is not a charge on the facts.

3. ISSUES.—While in trying issues out of chancery it is better for the Judge not to tell the jury he is not bound by their findings, appellant was not prejudiced by his so saying in this case.

4. EXCEPTIONS alleging error in refusing new trial moved on grounds stated only in the exceptions are too indefinite.

Before SHIPP, J., Anderson, March, 1913. Affirmed.

Action by J. B. Adger Mullaly against Ellison A. Smyth and Jno. B. Adger, exors. of Susan B. Adger, *et al.* Plaintiff appeals.

*Mr. A. H. Dagnall,* for appellant.

*Mr. T. F. Watkins,* contra, cites: *Did the Court err in instructing as to clear preponderance of the evidence:* 17 Cyc. 755; 6 So. 465; 53 S. W. 1081; 57 N. W. 836; 84

N. W. 705; 22 S. C. 454; 77 S. C. 511; 91 S. C. 7; 31 S. C. 605; 32 S. C. 595; 36 Cyc. 689; 4 Wigmore on Ev., sec. 2498; 71 S. W. 142, 197; 65 S. C. 486; 61 S. C. 468; 94 N. C. 1; 92 S. C. 305. *Grounds for new trial should be set out in "case:"* 64 S. C. 311; 78 S. C. 505; 85 S. C. 94.

October 8, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action for specific performance of a contract. The plaintiff alleged in his complaint that his aunt had promised to will and devise all of her property to him, provided he lived with her, and managed her property during her lifetime, and that she endeavored to carry out her agreement by making a codicil, but that the codicil was not legally executed, and she died without carrying out her agreement, although plaintiff performed his part of the agreement. Defendants, by answer, denied the material allegations of the complaint, and interposed as a defense the statute of frauds, and that if there was any such contract, as alleged, it was obtained by fraud and undue influence. After issue joined, the cause came on for a hearing before his Honor, Judge Prince, and four issues were framed to be submitted to the jury under Rule 28 of the Circuit Court. Upon the issues the jury found in favor of the defendants, and a motion for new trial was made and refused, and his Honor, Judge Prince, passed a decree approving and confirming the verdict of the jury, and upon consideration of the whole case, in the light of the findings of fact, dismissed the complaint. After entry of judgment plaintiff appeals and asks reversal of the same.

Exceptions 1, 2, 4, 5, 6, 7, 8, and 11 complain of error on the part of the Circuit Judge in his charge to the jury in that by his charge he required too high a degree of proof of the plaintiff, by requiring the plaintiff to prove his case to the satisfaction of the jury by a clear preponderance of the evidence. An inspection of

the Judge's charge as a whole clearly shows that the jury were informed that the plaintiff must make out his case, and establish it by the greater weight of the evidence. It is true that at times he told them that it was to be proven by a clear preponderance of the evidence, but his charge as a whole could not have conveyed to the jury any other inference than that the plaintiff should make out his case by the greater weight of the evidence and his charge sufficiently explained and defined to the jury what he meant by "a clear preponderance" of the evidence to the satisfaction of the jury. This charge was not obnoxious to the cases decided by this Court, but are in accordance with the law, as decided in *McKeegan* v. *O'Neil,* 22 S. C. 454; *McMillan* v. *McMillan,* 77 S. C. 511, 58 S. E. 431; *Folk* v. *Brooks,* 91 S. C. 7; *Lawson* v. *Southern Railway Company,* 91 S. C. 210, 74 S. E. 473; *Sullivan* v. *Moore,* 92 S. C. 305, 75 S. E. 497.

These exceptions are overruled.

Exception 3 imputes error on the part of his Honor in charging on the facts. We fail, after a careful examination of the Judge's charge, to find that he in any manner invaded the province of the jury and charged on the facts as complained of. The Judge has a right to charge the jury what the law is applicable to any facts proven, and further, a statement by him of what facts are admitted or not contested is not a charge on the facts. *Trapp* v. *Western Union Tel. Co.,* 92 S. C. 214, 75 S. E. 210. The Judge did not violate the provision of the Constitution and invade the province of the jury by charging on the facts, and this exception is overruled.

The ninth, tenth and twelfth exceptions impute error to the Judge in charging the jury that their findings in the case were not binding on the Court, and in not granting a new trial. These exceptions are overruled Section 312, vol. 11, Code of Laws, 1912, says: "The findings of fact upon such issues by the jury shall be conclusive of

the same; provided, that the presiding Judge may grant new trials therein, according to the practice in other jury trials." This clearly shows that his Honor was not bound by these findings to such an extent that he was compelled to accept them and make up his decree upon these findings. He could set the verdict aside, and order a new trial, if he saw fit, or accept them, as he did here, and confirm and approve them. While it is the better practice for the Judge, when any issue is submitted to a jury, to determine not to tell them, he is not bound by their verdict, yet it is not reversible error to do so, as in most cases he is clothed with the power of setting their verdict aside, and granting a new trial. We do not think the plaintiff was in any manner prejudiced by this statement of his Honor.

The eleventh and twelfth exceptions allege error in refusing motion for a new trial, on the grounds which appear for the first time in these exceptions. The case says: "A motion was made for a new trial upon various grounds," none of the grounds were made or stated before the Circuit Judge. These exceptions are too indefinite to be considered. *Fowler* v. *Harrison,* 64 S. C. 311, 42 S. E. 159; *Glover* v. *Telegraph Co.,* 78 S. C. 505, 59 S. E. 526; *Lorick & Lowrance* v. *Caldwell,* 85 S. C. 94, 67 S. E. 143. But we have examined the whole record and considered all of the exceptions and alleged errors on the part of his Honor and we nowhere find any errors that would justify us in sustaining the appeal. All exceptions are overruled.

Judgment affirmed.