8895

CHURCH v. MOODY.

(82 S. E. 428.)

LIMITATION OF ESTATES. DEEDS. RULES OF CONSTRUCTION.

1. The word "my" construed as "her" in a conveyance to a wife and "the heirs of my body begotten in wedlock with" said wife, and to give the wife a fee conditional special in the lands conveyed, in order to effectuate the evident intention of the grantor.

2. The language of the warranty clause in a deed may be considered for the purpose of ascertaining the meaning of an ambiguous or doubtful expression in the *habendum* clause.

3. If an ambiguous or doubtful expression is used in the *habendum* clause of a deed the Court in ascertaining the intention of the parties will incline to a construction against the interest of the grantor rather than to a construction in favor of his interest.

4. The construction placed by the grantor upon a deed after its execution is immaterial in ascertaining the true construction to be given.

5. The construction placed upon a deed by the grantee in a subsequent deed may be material in considering his rights under it.

6. A grantee being doubtful of his title and accepting a return of the consideration he had paid therefor, cannot still claim the land.

Before SPAIN, J., Dillon, 1913. Affirmed.

Action for partition of lands by Laler Church against Clyde Scott and W. T. Moody. From a decree in favor of plaintiff, the defendant, Moody, appeals.

The decree appealed from is as follows:

By consent of all parties this action for partition was heard by me at chambers upon an agreed statement of facts, a jury trial upon the issue of title having been waived.

Briefly stated, the facts are as follows: On November 12, 1892, Nathan Scott, then being the owner of the land sought to be partitioned in this action, conveyed the same to his wife, Margaret Scott, "and the heirs of my body begotten in wedlock with my wife, Margaret Scott," with *habendum* to "Margaret Scott and the heirs of my body begotten in wedlock with my wife, Margaret Scott." This deed was duly recorded in the proper office. At the date of this deed Mar-

garet Scott and Nathan Scott had one child living, the plaintiff, Laler Church, and subsequently another child was born to Margaret Scott and Nathan Scott, the defendant, Clyde Scott. Margaret Scott continued to hold the land without making any disposition of it until her death intestate in 1907. She left surviving her in addition to her husband, Nathan Scott, her two children born of her marriage with Nathan Scott, namely, Laler Church and Clyde Scott. On December 31, 1908, Nathan Scott made a straight fee simple deed for the premises to the defendant, W. T. Moody. Subsequently Laler Church brought this action, alleging that she and Clyde Scott were seized in fee of the premises as tenants in common in equal proportions, and praying that the land be partitioned equally between her and Clyde Scott. W. T. Moody was made a party defendant, and it was alleged that he claimed some interest in the premises. The answer of Clyde Scott admitted the allegations of the complaint, and joined in the prayer for relief. The answer of W. T. Moody alleges that, as the grantee of Nathan Scott, he is the owner in fee of the entire tract of land subject to plaintiff's ownership of a life estate in one-half of the land, and that the defendant, Clyde Scott, has no interest. The issues thus made depend upon the proper construction of the deed of Nathan Scott to Margaret Scott. W. T. Moody contends that the deed only conveyed a life estate to Margaret Scott and Laler Church, the only child of Margaret Scott and Nathan Scott, living at the date of the deed, while the plaintiff, Laler Church, and the defendant, Clyde Scott, contend that the deed conveyed a fee conditional special, and Margaret Scott having died without having made any disposition of the land, they take the entire estate. So, therefore, the only question for determination by the Court is the construction of the deed.

Under the construction contended for by W. T. Moody the grant would have to be construed as a grant to Margaret Scott and her children living at the date of the deed, while

under the construction contended for by Laler Church and Clyde Scott the words under consideration must be construed as if the grant had been to Margaret Scott and the heirs of her body begotten by her husband, Nathan Scott. This deed was evidently written by one wholly without experience in the drafting of legal instruments, and I feel sure there is no exact precedent by which the Court may be governed in the construction of the deed. In such a case it is the plain duty of the Court to so construe the deed as to give effect to the manifest intent, unless by so doing some rule of law will be violated. *Shaw* v. *Robinson,* 42 S. C. 345, 20 S. E. 161; *Duckett* v. *Butler,* 67 S. C. 130, 45 S. E. 137. When the entire deed and the situation of the parties are considered, I have no doubt that this instrument was intended to convey a fee conditional special to Margaret Scott.

The difficulty in this case seems to arise from the fact that Nathan Scott has apparently conveyed the premises to Margaret Scott and the heirs of his own body by Margaret Scott rather than to the heirs of the body of Margaret Scott by Nathan Scott. If the grant had been unto Margaret Scott and the heirs of her body by Nathan Scott, it most likely never would have been questioned that Margaret Scott took a fee conditional special. *Lipscomb* v. *Hammett,* 56 S. C. 549, 35 S. E. 194. Yet from a consideration of all parts of the deed and the situation of the parties, I think beyond doubt Nathan Scott intended to divest himself of all estate in the premises and to limit it to such heirs as Margaret Scott should have by him. The word heirs is so circumscribed in the deed as to make it plain in any event that no person could take under such designation who did not spring from the union of Margaret Scott and Nathan Scott, and since they were husband and wife no person could by any possibility be an heir of the body of Nathan Scott by Margaret Scott without also being an heir of the body of Margaret Scott by Nathan Scott. I think the anxiety of Nathan

Scott was, not so much to refrain from parting with the entire estate and from granting an estate in indefinite succession to Margaret Scott and the heirs of her body, as to be sure that the estate should be limited to such heirs of Margaret Scott as should be borne of his body, and when resort is had to the warranty it seems absolutely conclusive that such was his intention, for the warranty is to "Margaret Scott and *her heirs as above stated."* Of course the warranty cannot enlarge the estate granted, yet it is always permissible to consider the warranty for the purpose of ascertaining the intention. *Austin* v. *Hunter,* 85 S. C. 472, 67 S. E. 734.

Although awkwardly expressed, the intention is the important consideration. The warranty shows beyond a question the heirs described to Nathan Scott in the *habendum* were intended to be the heirs of Margaret Scott, provided only, that such heirs should spring from the body of Nathan Scott. Although not expressly in point, the situation in this case is well expressed by the Supreme Court of Missouri in the case of *Reed* v. *Lane,* 122 Mo. 311, 26 S. W. 957. In that case the deed was to "Martha May, and unto her heirs by the body of Silas May only, and assigns forever." In discussing the proper construction of this deed, which was held a fee tail, the Court said: "The objection is made that the words of procreation used in the deed are insufficient to create an estate tail, for the reason that the limitation is not to the heirs of the body of the grantee, Mrs. May, but to those of the body of Silas May. We do not think there is any force in the objection. While the words of limitation generally used are 'heirs of the body,' their use is not absolutely essential. Any other equivalent words or expression which clearly makes the limitation to the heirs of the body of the grantee will be sufficient. The intention of the parties is the primary object to be sought in the construction of such instruments."

It might make the meaning of the deed in this case plainer to read the word *the* as *her* in the expression "unto Margaret

Scott and the heirs of my body begotten in wedlock with my wife, Margaret Scott." In that case the grant would be unto "Margaret Scott and her heirs of my body begotten in wedlock with my wife, Margaret Scott." Although still an awkward expression, I think then there would be no doubt as to the proper construction. Such substitution of one word for another is perfectly permissible in order to effect the intention; see the case of *Sease* v. *Sease,* 64 S. C. 216, 41 S. E. 898, where the word *her* is changed to *their.*

There are also other features of the deed tending to support this construction. Nathan Scott warrants the premises to Margaret Scott and her heirs and assigns, which would seem to indicate that some interest conveyed to Margaret Scott should exist after her death, yet the contention of W. T. Moody would limit her to a life estate. There is also no warranty to any heirs except the heirs of Margaret Scott, indicating that no person was expected to take with her as a tenant in common. Also if there had been an intention to convey to Margaret Scott and her daughter, the plaintiff, it would have been more natural to call her by name in the deed. He had only one child, the plaintiff, and if the writer of the deed, especially one inexperienced in writing deeds, had intended to thereby convey an interest to this child, I think it would have been most natural for him to have called her by name rather than by the indefinite term *heirs of the body.* Also at the date of this deed Nathan Scott had only one child, and it would be unusual for him to refer to her in the plural as *heirs.*

Such words as *heirs, heirs of the body, issue* and *issue of the body* have frequently been construed to mean child or children, when from the context it was evident that the words were used in that sense, but they have never been so construed where it was plain they were not used in that sense. I have carefully examined the following cases, in which technical words of limitation have been construed to

mean children: *Holeman* v. *Fort,* 3 Strob. Eq., 22 S. C. Eq. 156; *Bailey* v. *Patterson,* 3 Rich. Eq. 156, 24 S. C. Eq.; *Moone* v. *Henderson,* 4 Des. Eq., 4 S. C. Eq. 458; *McCown* v. *King,* 23 S. C. 238; *Hayne* v. *Irvine,* 25 S. C. 289; *Lott* v. *Thompson,* 36 S. C. 38, 15 S. E. 278; *Shaw* v. *Robinson,* 42 S. C. 342, 20 S. E. 161; *Ducket* v. *Butler,* 67 S. C. 130, 45 S. E. 137; *Reeves* v. *Cook,* 71 S. C. 275, 51 S. E. 93; *Rembert* v. *Evans,* 86 S. C. 445, 68 S. E. 659; *Rowe* v. *Moore,* 89 S. C. 561, 72 S. E. 468; *Guy* v. *Osborne,* 91 S. C. 291, 74 S. E. 617; *Porter* v. *Lancaster,* 91 S. C. 300, 74 S. E. 374.    In all of these cases it was manifest from the face of the instrument that the words of limitation were not used in their technical sense, and that the parties intended to use them in the sense of children, but I do not think these cases applicable to the case at bar for the reason that it is evident from the face of the instrument and the situation of the parties that the words of limitation were not used in the sense of children. Words of limitation should be given their technical meaning, unless a different meaning is required by the context, and they certainly should not be construed to mean children when all the evidence indicates they were not used in that sense.    What I conceive to be the true rule is thus stated in the case of *Dixon* v. *Pendleton,* 90 S. C. 12, 72 S. E. 501: "The words, child, son, daughter, are the common words in which men think of their immediate offspring, and when the word issue is used either in thought or in expression, it almost invariably denotes an intention to include not only children, but other lineal descendants. Hence issue should not be held to mean children unless the context clearly indicates that restricted meaning."

If the evidence of intention were even more doubtful than it is, the doubt should be settled against the contention of W. T. Moody.    Under his construction of the deed Nathan T. Scott retained the reversion in the premises after the expiration of the life estate, while under the construction of Laler Church and Clyde Scott he parted with the entire estate.    It

is a universally accepted rule that a deed is to be construed
rather against the grantor than in his favor.   If an
ambiguous expression should be used with no evi-
dence whatever to indicate the intention, the Court
would incline to a construction against the interest of the
grantor rather than to a construction in favor of his interest.
*Peay* v. *Briggs*, 2 Mill, 9 S. C. L. 98.

I am clearly of the opinion that the deed in this case con-
veyed a fee conditional to Margaret Scott, limited to a par-
ticular class of heirs of her body, namely, to those begotten
in wedlock with her husband, Nathan Scott.

It is therefore ordered, adjudged and decreed, that Laler
Church and Clyde Scott are the owners of the premises
described in the complaint as tenants in common in equal
proportions, and that W. T. Moody has no interest therein.
It is further ordered, adjudged and decreed, that a writ of
partition in the usual form do issue as provided by law.   T.
H. Spain, Judge of the Fourth Circuit.   At chambers at
Darlington, S. C.

The deed in question, and construed in the decree, was as
follows:

"The State of South Carolina, County of Marion.

Know all men by these presents that I, Nathan T. Scott, in
the State aforesaid, county of Marion, in consideration of
the sum of ten dollars and other valuable consideration to
me paid by Margaret Scott in the State aforesaid, Marion
county, have granted, bargained, sold and released, and by
these presents do grant, bargain, sell and release unto the
said Margaret Scott and the heirs of my body begotten in
wedlock with my wife, Margaret Scott, a certain tract of
land, containing sixty acres, situate on southwest side of
Bear Swamp, Marion county, S. C., bounded north by
Owens land, east by land of Frank Elvington, south by land
of W. H. Breeden and John L. Scott, west by land of Red-
ding Owens' estate, said land is shown by a compiled plat

made December 17th, 1890, by E. D. Carmichael, surveyor; together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging or in anywise incident or appertaining. To have and to hold all and singular, the said premises before mentioned unto the said Margaret Scott and the heirs of my body begotten in wedlock with my wife, Margaret Scott. And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Margaret Scott and her heirs as above stated and her heirs and assigns against myself and my heirs and against every person lawfully claiming or to claim the same or any part thereof. Witness my hand and seal this the 12th day of November, in the year of our Lord one thousand eight hundred and ninety-two and in the one hundred and sixteenth year of the sovereignty and independence of the United States of America. N. T. Scott (L. S.). Signed, sealed and delivered in the presence of (all interlinings before signing) F. C. Rogers, E. D. Carmichael."

The defendant, Moody, appealed on the following grounds and exceptions:

I. Because his Honor erred, it is respectfully submitted, in holding "that the deed in this case conveyed a fee conditional to Margaret Scott, limited to a particular class of heirs of her body, namely, to those begotten in wedlock with her husband, Nathan Scott."

II. In holding that Laler Church and Clyde Scott are the owners of the premises described in the complaint as tenants in common in equal proportions, and that W. T. Moody has no interest therein.

III. In not holding that the deed in question conveyed a life estate to Margaret Scott and Laler Church, with remainder to N. T. Scott, and that Margaret Scott having died before N. T. Scott conveyed to W. T. Moody, W. T. Moody owns one-half of said lands in fee and Laler Church has a

16—98.

life estate in the remaining one-half with remainder to W. T. Moody.

*Mr. James W. Johnson,* for appellant, cites: 71 S. C. 276; *and distinguishes same. Limitation is not to heirs of the first taker:* 42 S. C. 342; 67 S. C. 135; 23 S. C. 232; 86 S. C. 445, 450. *The case in 91 S. C. 300 is decisive of this case. Only child in esse at date of deed took thereunder:* 3 Strob. 66; *and only a life estate:* 94 S. C. 349; 85 S. C. 296. *"The heirs of my body begotten in wedlock with my wife" mean children:* 67 S. C. 135. *Resort to warranty to ascertain intention:* 85 S. C. 472, *practically overruled;* 94 S. C. 349. *Value of life estate in half of land:* 53 S. C. 356.

*Messrs. W. F. Stackhouse,* for plaintiff-respondent, and *A. F. Woods,* for Scott, defendant-respondent, cite: *Intention to be ascertained:* 42 S. C. 345; 67 S. C. 130; 3 Strob. Eq. 156; 3 Bailey Eq. 156; 4 DeSaus. 458; 23 S. C. 238; 25 S. C. 289; 36 S. C. 38; 42 S. C. 342; 71 S. C. 275; 86 S. C. 445; 91 S. C. 291; 89 S. C. 561; 91 S. C. 300; 47 S. C. 288; 76 S. C. 484; 83 S. C. 265; 90 S. C. 12; 6 Rich. Eq. 92; 28 S. C. 238. *Construction least favorable to grantor:* Devlin Deeds, sec. 848; 1 Strob. 143; 2 *Ib.* 156; 2 Mills 98. *True construction:* Blackstone Comm. 114; 56 S. C. 549.

July 17, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This was an action for partition, in which the appellant, Moody, was made a party, because it was alleged he claimed some interest. Moody did claim one-half interest in fee and the other half in remainder. The rights of the appellant depend upon the construction of the deed of N. S. Scott to Margaret Scott.

The case was heard before Judge Spain. The decree of Judge Spain is affirmed, for the reason therein set forth; and for the additional reason that when this deed is construed in the light of the warranty, as in *Austin* v. *Hunter,* 85 S. C. 472, 67 S. E. 734, not for the purpose of enlarging the estate conveyed, but to explain its meaning, it is manifest that the word "my" in the *habendum* means "her."

The appellant says that the construction of the parties themselves should have weight, and the grantor, after the death of the grantee, conveyed the land to the appellant. The construction of the grantor after the execution of this deed is immaterial. The construction of the grantee in the subsequent deed, who is the appellant here, may be material. The record contains the following statement:

"That a portion of the purchase price of $1,750.00, above referred to, was represented by certain real estate which was conveyed by said W. T. Moody to the said Nathan T. Scott in exchange for the lands in question, and that subsequent to the commencement of this action the said Nathan T. Scott reconveyed the said lands to the said W. T. Moody and also returned to him a portion of the cash represented in said purchase price." The appellant can't have both. Let the decree of Judge Spain and the deed therein referred to be reported.

The judgment appealed from is affirmed.